DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| ROBERTO HERRERA, as Representative of the Estate of Mercedes Santana, <br><br> Plaintiff, <br><br> v. <br><br> RENIX CHARLES, INSURANCE COMPANY FNU-LNU, VIRGIN ISLANDS BAR ASSOCIATION, VIRGIN ISLANDS POLICE DEPARTMENT, VIRGIN ISLANDS ATTORNEY GENERAL, ALL OTHER KNOWN AND UNKNOWN IN THEIR INDIVIDUAL CAPACITIES and THE LAW OFFICE OF EVERARD POTTER, <br><br> Defendants. | Civil No. 2009/10 |

**REPORT AND RECOMMENDATION REGARDING
THE VIRGIN ISLANDS BAR ASSOCIATION'S RENEWED MOTION TO DISMISS
AND RENEWED MOTION TO DEEM CONCEDED**

Before the Court is the motion of defendant The Virgin Islands Bar Association (the "VI Bar") to dismiss the complaint against it pursuant to Federal Rule of Civil Procedure 12(b)(6), and its motion to deem conceded said motion.

I. FACTUAL AND PROCEDURAL BACKGROUND

Roberto Herrera ("Herrera") is the surviving spouse of Mercedes Santana ("Santana"). On January 30, 2006, Santana was killed by an automobile in the Bovoni area of St. Thomas, U.S. Virgin Islands. At the time of the accident, the vehicle was owned by defendant Renix Charles, and was being operated by Renix Charles, Jr., Charles' son.

Herrera filed this action *pro se* in January 2009, alleging that the various defendants conspired to deprive him and/or Santana of their rights by failing to properly investigate and prosecute as a vehicular homicide the accident that resulted in Santana's death. Among the alleged conspirators was Charles' attorney, Everard Potter. Herrera alleges that the VI Bar, by the act of licensing attorneys generally -- and Attorney Potter specifically -- assumes liability for malfeasance committed by an attorney licensed in the Virgin Islands. Herrera asserted claims for damages in two counts: one for violation of his First Amendment right to petition the government, and the second alleging a cause of action for civil conspiracy.

The VI Bar responded to Herrera's complaint by motion to dismiss, which this Court denied without prejudice, citing concerns as to whether plaintiff had been served with the motion. Thereafter, the VI Bar renewed its motion to dismiss, serving Herrera at his new address of record,[1] and arguing under Federal Rule of Civil Procedure 12(b)(6) that the complaint fails to state a claim against the VI Bar primarily based on principles of governmental immunity. When Herrera failed to respond to the motion, the VI Bar moved to deem its motion to dismiss "conceded."[2]

## II. DISCUSSION

This Court has recently set forth the principles governing motions to dismiss in its Order

---

[1] At the time he filed the complaint, Herrera was incarcerated in Puerto Rico, but he was later moved to another facility.

[2] The VI Bar has offered no authority for moving to deem a motion "conceded" and, indeed, there is none. The Court will determine a motion such as the instant motion on its merits, without regard to whether a response has been filed. Accordingly, it is recommended that the motion to deem conceded be denied.

herein dated September 20, 2010:

> "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)(per curiam) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). All reasonable inferences are drawn in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). A court must ask whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atlantic Corp.*, 550 U.S. at 562 (emphasis in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555 (internal citations omitted). Thus, "[t]o survive a motion to dismiss, a . . . plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007)(quoting *Bell Atlantic Corp.*. 550 U.S. at 555.)

(Docket No. 45, at p. 5.) In applying these principles, the Court must be mindful that this *pro se* plaintiff's pleadings are held "to a less stringent standard" than pleadings prepared by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, if the complaint consists only of "vague and conclusory allegations of unconstitutional conduct," dismissal is warranted. *E.g., Ross v. Meagan*, 638 F.2d 646, 650 (3d Cir. 1981).

### III. ANALYSIS

The VI Bar argues that dismissal is appropriate because Herrera has failed to state a claim upon which relief may be granted.

A. Judicial Immunity

The VI Bar argues that Herrera may not maintain his claims against it because the VI Bar enjoys judicial immunity from suit. This Court has previously found that the VI Bar, while acting

through its Committee of Bar Examiners in "[d]etermining the qualifications of applicants to the Virgin islands Bar is [engaged in] a judicial function," entitling the VI Bar to absolute judicial immunity from suits for money damages for acts done in performing those duties. *Julien v. Committee of Bar Examiners*, 923 F. Supp. 707, 715 (D.V.I. 1996). Other courts have similarly found bar associations to have judicial immunity when engaged in disciplinary and other functions delegated to them by the courts. *See, e.g.*, *Berger v. Cuyahoga Bar Association*, 983 F.2d 718, 722 (6th Cir. 1993) (bar association defendants were immune from suit "because they acted as arms of the Supreme Court of Ohio in performing a function for the which the court and its justices are immune."); *Clark v. State of Washington*, 366 F.2d 678, 681(9th cir. 1966) (the "Bar Association is an 'integral part of the judicial process' and therefore entitled to the same immunity").

In the present case, Herrera alleges that liability of the VI Bar stems from its role in the licensing of attorneys in the Territory. Apart from the fact that the actual power to license attorneys is vested solely in the Virgin Islands Supreme Court, (see, the Revised Organic Act of 1954, V. I. CODE Ann., tit. 1 § 21(a) and (c) and V.I. CODE Ann., tit. 4 § 32(e)), to the extent the VI Bar has a role in that process, it is acting as an "arm of the Supreme Court," and engaged in "a judicial function," entitling the VI Bar to absolute immunity from Herrera's suit insofar as it seeks money damages. V.I. S. CT. R. 205(a). ("The Virgin Islands Bar Association is created to assist the Supreme Court of the Virgin Islands in regulating the practice of law. . . .")

B. Claims under 42 U.S.C §§ 1983 and 1985(3)

In Count One of his complaint, Herrera purports to assert a claim for the deprivation of First

Amendment rights. He alleges specifically that the defendants acted to deprive "Plaintiff right guaranteed by the First Amendment to Redress [sic] his grievances before the Court . . . " Complaint at par. 13. As this court previously noted in this case:

> "To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005)(quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)); *see also Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety-Division*, 411 F.3d 427, 433 (3d Cir. 2005)(noting that plaintiffs must demonstrate "(1) of what constitutional or federal right [they were] deprived, and (2) how [they were] deprived of that right under color of state law").

(Docket No. 45, at pp. 9-10.) This Court has found that "Herrera has failed to sufficiently allege any activity by the defendants that would amount to a violation of his First Amendment rights," and that he therefore failed to state a claim in Count One.

In addition, "[i]t is well established that neither the Territory of the Virgin Islands nor its officers acting in their official capacities are 'persons' under 42 U.S.C. § 1983." *Julien, supra,* 923 F. Supp. at 716 n.7 (citing *Ngiraingas v. Sanchez*, 495 U.S. 182 (1990) and finding claims against a committee of the VI Bar in its official capacity must be dismissed); *see also McCauley v. University of the Virgin Islands*, 2010 U.S. App. LEXIS 17196 at *12-13 (3d Cir. Aug. 18, 2010).

Likewise, Count Two, which purports to state a claim for civil conspiracy pursuant to 42 U.S.C. § 1985(3), must also be dismissed, because, once again, the VI Bar is not a "person" for purposes of such a claim. Moreover, as the Court has found (Docket No. 45, at p. 12), to the extent that Count Two is an effort by Herrera to pursue a claim based on a violation of the decedent Santana's rights, he may not pursue such a claim under the Civil Rights Act.

For all of the foregoing reasons, it is therefore **RECOMMENDED:**

1. That the Virgin Island Bar Association's motion to dismiss be GRANTED; and it is further RECOMMENDED

2. That the Virgin Islands Bar Association's motion to deem conceded its motion to dismiss be DENIED.

Any objections to this Report and Recommendation must be filed in writing within 14 days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. Section 636(b)(1)(B); LRCi 72.3.

Dated: September 24, 2010

s/
**RUTH MILLER**
UNITED STATES MAGISTRATE JUDGE